IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANCHORBANK, FSB, and
UNITED FUND, on behalf of itself and
 all plan participants,

                Plaintiffs,                              ORDER

    v.                                                      09-cv-610-slc

CLARK HOFER,

                Defendant.

---

Plaintiffs Anchorbank, FSB and United Fund have sued defendant Clark Hofer for violations of state and federal securities exchange laws and breach of contract and breach of fiduciary duty.  These claims relate to defendant's alleged collusive trading scheme and subsequent work for a competing bank in violation of the parties' confidentiality and non-solicitation agreement.  After plaintiffs filed their lawsuit but before defendant filed any responsive pleading, *defendant* moved for a preliminary injunction on the ground that plaintiffs' enforcement of their confidentiality and non-solicitation agreement is preventing defendant from obtaining employment.  Dkt. 11.  In the meantime, plaintiffs filed an amended complaint, removing their breach of contract claim along with allegations related to the parties' confidentiality and non-solicitation agreement and removing their breach of contract claim.  Dkt. 19.  I am denying defendant's motion for a preliminary injunction without prejudice to his refiling the motion in conjunction with his anticipated counterclaim on this issue.

As I explained during the telephonic preliminary pretrial conference on November 18, 2009, currently there is no live claim related to the parties' confidentiality and non-solicitation agreement.  Defendant contends that even so, his motion for a preliminary injunction is not

moot because he still faces the threat of future enforcement of the agreement against some other prospective employer, a situation that places him in employment limbo. Howsoever true this may be, there is no question that defendant's instant motion for preliminary injunctive relief is moot because the only claims giving rise to defendant's motion have disappeared. (There is a question whether a defendant can seek injunctive relief at all on the *opposing party's* claims, but this is a question I no longer need to answer.) If defendant wants to enjoin any possible future use of the disputed confidentiality and non-solicitation agreement, then he must provide a legal hook on which to hang this hat by challenging the legality of the agreement in a counterclaim. Until he does so, this court has no basis for providing injunctive relief to defendant.

ORDER

IT IS ORDERED that the motion for a preliminary injunction filed by defendant Clark Hofer, dkt. 11, is DENIED without prejudice.

Entered this 23rd day of November, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge